UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Roseline K. N.,  No. 26-cv-540 (KMM/SGE)

    Petitioner,

v.  **ORDER**

Pam Bondi, et al.,

    Respondents.

This matter is before the Court on Petitioner Roseline K. N.'s Petition for a Writ of Habeas Corpus. [Dkt. 1.] For the reasons below, the Court grants the habeas petition.

## Background

Roseline K. N. is a citizen of Kenya. [*Id.* ¶¶ 7, 12.] She has lived in the United States since 2005. [*Id.* ¶ 12.] Petitioner has no criminal history, except for "one traffic related violation," and is not subject to a final removal order. [*Id.* ¶¶ 13–14.] On January 16, 2026, Roseline K. N. was arrested by immigration officers outside a CVS where she had gone to pick up her seizure medication. [*Id.* ¶ 17.] There is no evidence that she was the subject of a judicial or administrative warrant, and she has not been afforded a bond hearing. [*Id.* ¶¶ 17, 35.] Respondents' position is that Roseline K. N. is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and they point to no other statutory or legal basis for her detention. [Dkt. 7 at 1–2.]

## Analysis

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And

1

district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have addressed the issue, and by many courts in this district. Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. Respondents also point out that the underlying legal issue is pending before the Eighth Circuit and that they wish to preserve their position for appeal.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited in this and in other cases, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the majority of courts to have considered the matter. Of course, these issues are complex, and Respondents' arguments are not frivolous. But the Court continues to believe that the better reading of

the relevant statutory scheme is that § 1225(b)(2) does not apply to Roseline K. N. or others who are similarly situated, and her mandatory detention under that provision is not supported by the law.

The Court further concludes that immediate release is the appropriate remedy. The government has not claimed to have a "warrant issued by the Attorney General" supporting Petitioner's recent arrest, nor has the government produced one to the Court. As U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '[o]n a warrant issued by the Attorney General, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at \*3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of her previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8) Jan. 12, 2026) (same).

The Court agrees with the reasoning of these cases. Despite the Court seeking a specific response on this issue in the Order to Show Cause [Dkt. 4 ¶ 2e], Respondents point to neither a warrant supporting the applicability of § 1226(a) to Roseline K. N., nor any other statutory basis for a bond hearing, so immediate release is required.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Roseline K. N.'s Petition for a Writ of Habeas Corpus [Dkt. 1] is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that she is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Roseline K. N. The Court has been informed that Petitioner was transferred out of the District of Minnesota but is being returned to the District, in compliance with the Court's Order to Show Cause [Dkt. 7]. Therefore, the Court assumes that Roseline K. N. will be promptly released **in Minnesota**.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred. If Roseline K. N. has not been returned as previously ordered, Respondents should immediately notify the Court of when she will be returned and released.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 25, 2026                         *s/Katherine M. Menendez*
                                               Katherine M. Menendez
                                               United States District Judge